UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT C. WOLSCHLAGER,

    Plaintiff,                        CASE NO. 05-CV-10178

v.                                 DISTRICT JUDGE DAVID M. LAWSON
                                  MAGISTRATE JUDGE CHARLES BINDER
BAD AXE POLICE DEPARTMENT,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. § 1915e(2)(B)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Introduction**

This *pro se* case was referred to the undersigned Magistrate Judge for general case management by United States District Judge David M. Lawson. (Dkt. 4.) Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on July 21, 2005. After screening the *pro se* complaint, I conclude that the case is ready for Report and Recommendation.

**B.     Standard of Review**

Plaintiff is proceeding *in forma pauperis*, and therefore his complaint is subject to the screening provision of 28 U.S.C. § 1915(e), which provides in pertinent part that,

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .
> 
> (I)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  This review by the district court is mandatory and "must occur even before process is served or the individual has had an opportunity to amend the complaint." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

A case is frivolous if it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989).  When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6).  Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

**C.     Discussion**

Plaintiff's entire complaint consists of the following paragraph:

> Bad Axe P.D. had conducted searches on private property and persons on private property without permission or warrants pursuient [sic] to such property. They also confiscated cash from my wallet on (2) occasions which the charges were dismissed in State District Court and returned $0 in cash. I have documentation & citations to verify this information.

(Compl. at 1.)

Construing the *pro se* complaint liberally, it raises allegations of Fourth and Fourteenth Amendment violations. A civil action for deprivation of constitutional rights is brought pursuant to 42 U.S.C. § 1983.[1] A claim under § 1983 consists of two essential elements: (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States of America. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff's complaint is fatally deficient under the first element, as it is well-settled that a police department is not a legal entity capable of being sued, nor is it a "person" for purposes of a § 1983 action. *See Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) ("the police department is not a legal entity against whom a suit can be directed"); *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.,* 803 F. Supp. 1251, 1256 (E.D. Mich. 1992) (same); *Moomey v.*

---

[1] The statute provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

*Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980) (same).  Accordingly, I suggest that this case is subject to *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                 s/ *Charles E. Binder*
                                                 CHARLES E. BINDER
Dated: July 29, 2005                        United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Robert Charles Wolschlager and Honorable David M. Lawson.

Dated:  July 29, 2005                      By_____ s/Mary E. Dobbick_____
                                                     Secretary to Magistrate Judge Binder